IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEMA LATRICE PARKER, <br> AIS #307399, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-310-WKW |
| | ) | |
| OZARK POLICE DEPT., et al., | ) <br> ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Kema Latrice Parker, an indigent state inmate, complains that officers of the Ozark Police Department used excessive force to effectuate her arrest on August 2, 2016. She further complains that the officers denied her medical treatment for injuries suffered during this arrest. As seen in the style of this case, Parker names the Ozark Police Department as one of the defendants in this cause of action.

In order to allege a viable § 1983 claim, each named defendant must constitute an entity that is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. The Alabama Supreme Court has determined that "departments and subordinate entities of municipalities, counties and towns" such as police departments "lack[] the capacity to sue or be sued." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the claims lodged against the

Ozark Police Department are due to be dismissed in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(ii) for failing to state a claim against this defendant on which relief may be granted. *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Ozark Police Department be summarily dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Ozark Police Department be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against Michael Bryan, Chris Juneau, Jesse Kellum and Officer Peters, be referred back to the undersigned for further appropriate proceedings.

The plaintiff may file objections to this Recommendation on or before May 30, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of May, 2017.

    /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE