IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEMA LATRICE PARKER, ) <br> AIS #307399, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL BRYAN, *et al.*, ) <br> ) <br>    Defendants. ) | Case No.: 1:17-cv-310-ECM-WC |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Kema Latrice Parker. In the instant complaint, Parker alleges that on August 2, 2016 law enforcement officials with the Ozark Police Department used excessive force when effectuating her arrest. Doc. 1 at 3. She also asserts the defendants denied her immediate medical treatment for a cut on her leg and pain in her right arm, neck and back. Doc. 1 at 3.

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits, video recordings of the arrest, photographs and medical records, in which they address the claims for relief presented by Parker. The video recordings undermine the allegations presented by Parker. Specifically, these recordings indicate that the defendants used only the amount of force necessary to gain security of the area and obtain control of Parker. Additionally, the videos do not indicate the presence of any serious medical need which warranted immediate medical

attention. In addition, the medical records indicate that when Parker arrived at the Dale County Jail within an hour of her arrest she had no "visible signs of trauma, bleeding, [or] wounds." Doc. 15-13 at 2. In an inmate request form filed on September 2, 2016, Parker states she had previously been "to the emergency room [at the Dale Medical Center on August 4, 2016] and they said there was nothing broken . . . but it may be my rotating cup." Doc. 15-13 at 3. The X-rays taken at this time of Parker's right shoulder demonstrated "type 1[or normal] acromion, well aligned joint, no acute abnormalities, small inferior ACJ spurring." Doc. 15-13 at 23. Parker was subsequently referred to a free world orthopedic specialist regarding her complaints of pain and an MRI performed on October 31, 2016 "show[ed] NO TEAR" in her right shoulder with some osteoarthritis in the AC joint. Doc. 15-13 at 23. The orthopedist's physical examination and evaluation of Parker's cervical spine indicated full range of motion and normal compression. Doc. 15-13 at 23.

In light of the foregoing, the court issued an order directing Parker to file a response to the defendants' written report. Doc. 16. The order advised Parker that her failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 16 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 16 at 1 (emphasis in original). The time allotted Parker for filing a response in compliance with this order expired on July 31, 2017. Parker

failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. In sum, Parker is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual. Additionally, Parker's inaction in the face of the defendants' report and undisputed evidence, including the DVDs, suggests a loss of interest in the continued prosecution of this case. It therefore appears that any additional effort by this court to secure Parker's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that Parker's abandonment of her claims and her failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The

sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons and under the circumstances of this case, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **August 20, 2019**, the parties may file objections to the Recommendation.  The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party sill fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of August 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE